**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE LUIS MARQUEZ RODRIGUEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV-26-1235-R** |
| **v.** | ) | |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Jose Luis Marquez Rodriguez, a noncitizen,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents filed a response, Doc. 13, and the time for Petitioner to reply has lapsed. *See* Doc. 11.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas relief in part and order Respondents to

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

provide him with an individualized bond hearing within seven days or else release Petitioner.

## I. Factual background and procedural history.

Petitioner, a citizen of Mexico, became a lawful permanent resident (LPR) in 1990. Doc. 1, at 6; Doc. 13, at 2. In September 2020, Petitioner pleaded guilty to conspiracy to commit offense or to defraud the United States, a violation of 18 U.S.C. § 371; fraud and related activity in connection with identification documents, authentication features, and information, a violation of 18 U.S.C. § 1028; and fraud and misuse of visa, permits, and other documents, a violation of 18 U.S.C. § 1546(a). Doc. 13, at 2. On April 27, 2021, the Department of Homeland Security (DHS) issued a Notice to Appear (NTA), placed him in removal proceedings, and charged him as removable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA). *Id.* Ex. 2.[3] An Immigration Judge (IJ) terminated the removal proceedings with prejudice and DHS appealed. *Id.* Ex. 3.

On May 18, 2026, Petitioner was again placed in removal proceedings. *Id.* Ex. 5; Doc. 1, at 6. Petitioner sought to terminate the removal proceedings in Immigration Court. Doc. 13, Ex. 6. The Board of Immigration Appeals (BIA)

---

[3] This section is codified in 8 U.S.C. § 1227(a)(2)(A)(iii), which states that a noncitizen who is "convicted of an aggravated felony at any time after admission is deportable."

dismissed a portion of DHS's appeal but ultimately vacated the IJ's termination of the proceedings with prejudice. *Id.* Ex. 7; *see also id.* Ex. 8. Petitioner does not dispute this procedural history. Doc. 1. A hearing in Petitioner's current removal proceedings is scheduled for August 19, 2026. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 14, 2026).

## II. Petitioner's claims.

Petitioner asserts three claims for relief:

(1) a violation of due process under the Fifth Amendment;

(2) a violation of the INA; and

(3) a violation of the Administrative Procedure Act (APA).

Doc. 1, at 17-21. He seeks immediate release or, in the alternative, an individualized bond hearing. *Id.* at 22. He also seeks an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. *Id.* at 21-22.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d

1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. 8 U.S.C. § 1226 governs Petitioner's detention.

In Claims I and II, Petitioner asserts he has been detained without the opportunity for a bond hearing in violation of his due process rights and the INA. Doc. 1, at 17-21. Respondents "concede" that Petitioner, who was admitted to the United States as a LPR, is not subject to mandatory detention under 8 U.S.C. § 1225(b). Doc. 13, at 1. Instead, the parties agree Petitioner's detention is governed by § 1226(a). Doc. 1, at 20; Doc. 13, at 1; *cf. Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026) ("Based on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border.").

### B. Petitioner is entitled to a bond hearing under § 1226(a).

Respondents also concede Petitioner is "entitled to a bond hearing." Doc. 13, at 5; *see e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond"). They argue that is all the process due. The Court should agree.

"[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026).

Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Id.*; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").[4]

---

[4] Petitioner requests the Court place the burden on the Government at a bond hearing to prove he is not a danger to the community or flight risk by clear and convincing evidence. Doc. 1, at 19-20. Recent decisions in this District have declined to direct the IJ to order burden shifting. *See, e.g.*, *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings."); *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) (declining to "issue an advisory opinion instructing the immigration judge to apply a particular burden of proof"). So the undersigned does not recommend it in this case.

### C. The Court should decline to address Petitioner's additional claims.

Because an individualized bond hearing under § 1226(a) affords the relief necessary to address Petitioner's detention-related claims, the Court need not reach the merits of his remaining claims. *See, e.g.*, *Ramos Perez v. Grant*, 2026 WL 2033144, at *2 n.2 (W.D. Okla. July 14, 2026) (declining to address the petitioner's remaining claims after ordering a bond hearing).

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant in part** Petitioner's habeas application and **order Respondents to provide him with an individualized bond hearing within seven days or else release Petitioner. The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.**[5]

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 24, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure

---

5 As to Petitioner's request for EAJA fees, Petitioner must seek those separately after a final judgment. *See* 28 U.S.C. § 2412(d)(1)(B).

72.[6] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 17th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").